UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DONALD D. WILLIS                   CIVIL ACTION NO. 13-cv-0925

VERSUS                             JUDGE WALTER

CHASE HOME FINANCE, ET AL          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Donald D. Willis, who is self-represented, filed this action on behalf of himself and a putative class of eight unnamed consumers that he alleges are similarly situated. He complains that defendants Chase Home Finance and EMC have violated a number of Texas statutes in connection with the servicing of his mortgage loan and their refusals to properly consider or grant requests for loan modification. Plaintiff asks that the court stay all foreclosure proceedings and award $10,000,000 in damages. For the reasons that follow, venue of this case will be transferred to the Northern District of Texas.

If a civil action is filed in an improper venue, the district court may dismiss the action or, if it is in the interests of justice, transfer the case to any district or division in which it could have been brought. 28 U.S.C. §1406(a). The court may take such action *sua sponte*. Caldwell v. Palmetto State Sav. Bank of South Carolina, 811 F.2d 916, 919 (5th Cir. 1987); Crawford v. Offshore Pipelines International, Ltd., 1998 WL 195989 (E. D. La. 1998). Even if a civil action is filed in a permissible venue, the district court may transfer the action, for the convenience of parties and witnesses, in the interests of justice, to any other district where

it might have been brought. § 1404(a). Such transfers may be made *sua sponte*. <u>Mills v. Beech Aircraft Corp., Inc.</u>, 886 F.2d 758, 761 (5th Cir. 1989); <u>Isbell v. D M Records, Inc.</u>, 2004 WL 1243153 (N. D. Tex. 2004).

Venue in a civil action of this kind is determined by 28 U.S.C. § 1391(b). There is no indication that this court is a proper venue for this action. There is no allegation that any defendant resides here, that any part of the property that is the subject of the action is located here, or that any part of the events or omissions giving rise to the claim occurred here. The convenience of the parties and witnesses and the interest of justice would also be best served by this court exercising its discretion to transfer venue of this action to the district where Plaintiff and the subject property are located. There are simply no meaningful ties between the parties or the dispute and this Louisiana court.

Plaintiff has filed similar complaints in the federal courts in Texas and other states. The United States District Court for the District of Columbia recently transferred venue of one such complaint to the Northern District of Texas, Forth Worth Division, where the Plaintiff's mortgaged property is located. <u>Willis v. Chase Home Finance</u>, 2013 WL 485674, ___ F. Supp. 2d ___ (D. D.C. 2013). That decision notes that another of Plaintiff's complaints filed in the Dallas division of the Northern District was transferred to the Fort Worth division because the incidents out of which the claims arose occurred in the Fort Worth division. Once the District of Columbia case reached Texas, the court granted a

motion to dismiss filed by Chase Home Finance. <u>Willis v. Chase Home Finance</u>, 2013 WL 1104270 (N.D. Tex. 2013).

Accordingly,

**IT IS ORDERED** that the Clerk of Court transfer venue of this civil action to the United States District Court for the Northern District of Texas, and it is recommended the Texas court consider assignment of the case to its Fort Worth Division. Similar civil actions by this Plaintiff regarding mortgaged property located in Fort Worth have already been assigned to that division. A decision on Plaintiff's application to proceed in forma pauperis will be deferred to the transferee court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of May, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE